# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF GEORGIA

## SAVANNAH DIVISION

| | | |
|---|---|---|
| JACKIE K. CAMPBELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV405-181 |
| | ) | |
| MASON WHITE and BRENNAN, | ) | |
| HARRIS, & ROMINGER, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Defendants have filed a motion to dismiss the above case for lack of subject matter jurisdiction. Doc. 8. Defendants assert that plaintiff's complaint is "patently deficient" in that it fails to allege any basis for the Court's jurisdiction. Id. Plaintiff filed a response asserting that he is not merely filing a civil suit against defendants but is also claiming that defendants "violated [his] constitutional right's (sic), a criminal intend (sic), and breach of ethic (sic)." Doc. 11. He asks the Court to allow him to offer proof that defendants have acted in an unprofessional manner towards him through various correspondence. Id. For the following reasons, defendants' motion should be GRANTED.

Plaintiff filed the instant lawsuit on October 3, 2005. Doc. 1. In his complaint, plaintiff alleges that defendant White was the attorney for TLG Insurance Company in 1999 when plaintiff recovered a monetary award against TLG following an arbitration hearing. Id. Plaintiff claims that defendant White "refused to pay the award" and "forced [him] to hire attorney Jeffery (sic) Hanna to help him recover the award money." Id. Plaintiff presently seeks $1,100 from defendants for expenses he allegedly incurred in retaining Mr. Hanna's services. Id. Additionally, plaintiff seeks 28% interest on this amount, compounded since September 1999, as well as $100,000 for punitive damages, $100,000 for pain and suffering, and $100,000 as "compensation for Mr. White violating my Constitutional Rights." Id.

Federal Rule of Civil Procedure 8 provides that "[a] pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends." Defendants assert that plaintiff's complaint utterly fails to satisfy this requirement, as it offers no basis whatsoever for the Court's subject matter jurisdiction. Doc. 8. While a *pro se* litigant is bound by the rules of procedure and

2

practice which govern all civil litigants, the Courts afford great lenience to complaints drafted by individuals who are unable to obtain the services of legal counsel. See Haines v. Kerner, 404 U.S. 519, 520 (1972). Despite such lenience, the Court simply may not consider a case over which it lacks subject matter jurisdiction.

"Federal courts have limited subject matter jurisdiction, or in other words, they have the power to decide only certain types of cases." Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1260-61 (11th Cir. 2000). Federal question jurisdiction provides federal courts with "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A federal court also has original jurisdiction over a case "where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." 28 U.S.C. § 1332(a)(1). In the instant case, plaintiff does not provide an explicit statement of the Court's jurisdiction in his complaint. Furthermore, reading the facts alleged by plaintiff in a light most favorable to him, his claims themselves do not demonstrate a basis for jurisdiction in this Court.

3

Plaintiff's essential claim is that defendant White acted with criminal intent and in bad faith towards him by refusing to pay plaintiff his arbitration award, thereby causing him to incur expenses in obtaining that money. See Doc. 1. This claim is not presented as a federal constitutional claim, and any constitutional right implicated on these facts is unclear.[1] In his response to defendants' motion to dismiss, plaintiff again asserts that he is suing defendants for a violation of his constitutional rights, but he offers no elaboration as to which rights defendants allegedly violated or how defendants violated them. Plaintiff has therefore failed to allege a violation of the Constitution or any other federal law, and no federal question jurisdiction exists in this case. Plaintiff has also failed to prove that the Court has diversity jurisdiction to hear this case. Defendant Brennan, Harris, & Rominger is a law firm located in Savannah, Georgia and is a citizen of Georgia for diversity purposes. See Doc. 1 (letters from Brennan, Harris, & Rominger on firm letterhead reflecting a Savannah address). Plaintiff's address on file with the Court indicates that he is also a resident

---

[1] Although plaintiff's complaint asserts that his "right to a speedy hearing was violated," his apparent attempt to invoke the speedy trial right guaranteed by the Sixth Amendment fails since, by its terms, that constitutional provision only applies to criminal prosecutions. U.S. Const. Amend. VI.

of Savannah, Georgia. Thus, as the parties are from the same state, no diversity jurisdiction exists in this case. <u>See</u> <u>Exxon Mobile Corp. v. Allapattah Services, Inc.</u>, 125 S.Ct. 2611, 2619 (2005) ("The presence in the action of a single plaintiff from the same state as a single defendant deprives the district court of original jurisdiction over the entire action.").

Since plaintiff has failed to allege a federal cause of action and has not shown diversity among the parties, the Court is without jurisdiction to hear the case. Accordingly, defendants' motion to dismiss (doc. 8) should be GRANTED.

**SO REPORTED AND RECOMMENDED this** 28th **day of April, 2006.**

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA